494 F.2d 1135
 161 U.S.App.D.C. 216
 Richard L. GAYER
v.
James R. SCHLESINGER, Secretary of Defense, et al., Appellants.
Otto H. ULRICH, Jr.
v.
James R. SCHLESINGER, Secretary of Defense, et al., Appellants.
Benning WENTWORTH
v.
James R. SCHLESINGER, Secretary of Defense, et al., Appellants.
 Nos. 71-1934, 71-1935 and 72-1820.
 United States Court of Appeals, District of Columbia Circuit.
 April 9, 1974.
 
 LEVENTHAL, Circuit Judge.
 
 ORDER
 
 1
 On consideration of appellants' motions for clarification or correction of the opinion, and of appellees' opposition filed with respect thereto, it is
 
 
 2
 Ordered that my concurring opinion filed herein on November 15, 1973, 160 U.S.App.D.C. , 490 F.2d 740, is hereby amended as follows:
 
 
 3
 (Omit first sentence, p. 27 (first sentence of first full paragraph in second column of page 755, 490 F.2d)-- add following to fn. 4 (page 755 of 490 F.2d)).
 
 
 4
 In accordance with appellants' motion dated January 3, 1974, for clarification of this concurring opinion, it is noted that the Corporation Counsel, C. Francis Murphy, sent a letter to the United States Attorney, Harold H. Titus, Jr., dated March 15, 1973, stating that the stipulation had been entered into without out proper authorization to the assistant involved and without consultation with the United States Attorney; that the statements as to the proper construction of the sodomy statute were improvident; and concurring with the United States Attorney that the intervening decisions in Velez-Lozano v. INS, 150 U.S.App.D.C. 214, 463 F.2d 1305, 1307 (1972) and Harris v. United States, 293 A.2d 851, 855 (D.C.App.1972) establish the proper interpretation of the statute. Mr. Murphy stated that 'we think no good purpose would be served by our now moving the Court ot vacate the stipulation. It appears that the best course is for all concerned to regard this unauthorized stipulation as having no force or effect beyond the particular case in which it was improvidently entered.' He concluded that his sending of a copy of his letter to Jeffrey M. Alprin, chief counsel for the D.C. police department, was 'for informational purposes only. We do not mean to affect in any way the Metropolitan Police Department's administration of its law-enforcement responsibilities.'
 
 
 5
 We further take note that the Velez-Lozano decision concerned Virginia law, with the one-sentence reference to D.C. law being bare dictum. The Harris decision was an affirmance of a conviction for keeping a bawdy or disorderly house-- a premises resorted to for homosexual activities, with payments to the operator of the house of a membership fee plus a fee for each visit. Such an offense obviously involves special considerations. Judge Kern, concurring, pointed out that affirmance of the conviction was not inconsistent with the then-announced policy of the District of Columbia government, not to prosecute private consensual homosexual acts between adults (11 Crim.L.Rep. 2252), and described that policy as one that 'pertains only to conduct in the privacy of the home.'